IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10427
Summary Calendar

_____

UNITED STATES OF AMERICA

                    Plaintiff - Appellee

    v.

TELASA CLARK, III

                    Defendant - Appellant

                    --------------------
        Appeal from the United States District Court
             for the Northern District of Texas
                   USDC No. 4:01-CR-177-5-A
                    --------------------
                    December 30, 2002

Before KING, Chief Judge, and WIENER and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Telasa Clark , III ("Clark"), appeals the sentence imposed

following his guilty plea to one count of bank robbery and two

counts of using and carrying a firearm during the commission of a

crime of violence.  The district court departed upward from the

sentencing range calculated under the United States Sentencing

Guidelines to impose an aggregate 600-month sentence for the

offenses of conviction.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Clark has failed to establish that the aggravated robbery for which he was convicted in state court and the offenses of conviction were part of a "common scheme or plan" within the meaning of U.S.S.G. § 4A1.2(a)(1); he therefore has shown no error in the use of the state conviction in his criminal history score. See United States v. Garcia, 962 F.2d 479, 482 (5th Cir. 1992), abrogated in part, on different grounds, by Buford v. United States, 532 U.S. 59, 64-66 (2001); United States v. Ford, 996 F.2d 83, 86 (5th Cir. 1993).

Clark has failed to show that the district court clearly erred in adding three levels to the offense level because the court determined that one of the robbery victims sustained more than bodily injury but less than severe bodily injury. See U.S.S.G. § 2B3.1(b)(3)(D); United States v. Moore, 997 F.2d 30, 37 (5th Cir. 1993).

Finally, Clark has failed to show plain error in the district court's decision to depart upward in light of Clark's admitted extensive history of armed robbery; such a departure is authorized by U.S.C.G. § 4A1.3(e), the district court explained its reasons for departure, and Clark has not shown that the extent of the departure was unreasonable. See United States v. Ashburn, 38 F.3d 803, 807 (5th Cir. 1994) (en banc); United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc).

AFFIRMED.